### In re YOUGH BREWING CO.
#### No. 20126.

District Court, W. D. Pennsylvania.
April 3, 1939.

730

Watson B. Adair, of Pittsburgh, Pa., referee in bankruptcy.

Bernard Goodman and Solis Horwitz, both of Pittsburgh, Pa., for Lawrence Brink.

P. K. Motheral (of Reed, Smith, Shaw & McClay, of Pittsburgh, Pa.), and Roger B. Williams, (of Hershey, Donaldson, Williams & Stanley, of Baltimore, Md.), for Crown Cork & Seal Co.

Walter F. Michael, of Pittsburgh, Pa., for petitioning creditors Automobile Finance Co., Superior Motor Parts Co. and Pittsburgh Auto Equipment Co.

GIBSON, District Judge.

Petition was filed at No. 20126 in Bankruptcy for the reorganization of the Yough Brewing Company. Reorganization being impossible, the Company went into the hands of a Liquidating Trustee.

After the institution of the proceedings the Crown Cork and Seal Company filed its petition wherein it prayed for an order for the delivery to it of a certain bottling machine which it had delivered to the Debtor upon conditional sale, reserving title to itself until full payment was made. The petition alleged the non-payment of the greater part of the purchase price, and that the contract of sale had been duly recorded.

The liquidation stage having been reached and the petition referred to the Referee, it was heard by him and denied. The petitioner then sought a review of the Referee's order in this court.

Upon hearing before the Referee certain facts were stipulated. It was agreed that the Crown Cork and Seal Company had delivered the bottling machine to the Brewing Company upon the conditional sale agreement of which a copy was attached to the reclamation petition; that the machine was placed in the Company's bottling house and attached to the cement floor by four bolts; that the brewery was located in Connellsville, a town of about 13,000 population, and that it was the Company's only place of business; that it was erected upon three contiguous parcels of land, each of which was encumbered with a separate mortgage, and that it consisted of five buildings.

The Trustee, asserting his title as that of an execution creditor, opposed the petition upon the ground that the sale agreement had not been recorded as required by the Pennsylvania Statutes, and in consequence the petitioner had lost its right to reclaim the machine.

The conditional sale contract was dated May 20, 1937, and, the Trustee asserts, was subject to the requirements of the Pennsylvania Act of July 12, 1935, P.L. 658, 69 P. S.Pa. § 404, amending the Act of May 12, 1925, P.L. 603. It provides as follows: "Goods to be affixed to realty shall not be-

come a part of the said realty, or of the freehold to which they are attached or are to be attached, or of any operating plant of which they may form a part, but shall be treated as severable and subject to removal as against the conditional vendee * * * and, also, as against any mortgagee, * * * purchaser or other persons having any interest in or liens against such real property, or freehold, until the unpaid balance due under the said conditional sale contract has been paid, if, prior to the said affixing or attaching of the goods to the realty, the conditional sale contract or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are to be affixed thereto, shall have been filed in the office of the prothonotary for the county in which the said realty is situate; * * *."

The petitioner advanced several propositions in support of its claim. It asserts, first, that the sale agreement was properly recorded, and, second, that the provisions of the Act of 1935, quoted supra, do not apply because its machine was not affixed to the realty within the meaning of the section.

■ An examination of the agreement attached to the reclamation petition shows no "statement signed by the seller briefly describing the realty and stating that the goods are to be affixed thereto." Such a statement does not appear by any paper attached to the agreement or by any allegation in the body of the agreement. The agreement, at its extreme top, has the following, "Connellsville, P. O. Address", and nothing more. It is signed, "Yough Brewing Company, by H. F. Tippman, Connellsville, Pa.", with nothing more. If it be kept in mind that the Yough Brewing Company property consisted of five buildings situated upon three parcels of real estate, each subject to a separate mortgage, it will plainly appear, we think, that there was no sufficient compliance with the requirement of the Act of 1935 in respect to the location of the property sold.

■ Nor can the court agree with the contention of the petitioner that the quoted provisions of the Act of 1935 do not apply to the instant sale because the bottling machine was not affixed to the realty. In Central Lithograph Company v. Eatmor Chocolate Company, 316 Pa. 300, 175 A. 697, the contest was between the conditional vendor and the mortgagee. The vendor sought to recover certain machinery which could be removed from the property with but little injury to the other physical property as such. The Supreme Court of Pennsylvania held that the test of whether or not a machine in a manufacturing plant was a part of the freehold was not the nature of its attachment to the realty so much as its necessity in the operation of the plant. It held, in substance, that a machine installed·in a manufacturing plant (as was that of the Brewing Company), and is essential to its operation and cannot be removed without injury to the plant, is a fixture in the common law sense. In the case last quoted the property was awarded to the mortgagee. The decision in the Eatmor Chocolate Company case led to the Act of 1935. It provides, it will be remembered, that "Goods to be affixed to realty shall not become a part of the said realty, or of the freehold to which they are attached or are to be attached, *or of any operating plant of which they may form a part,* but shall be treated as severable * * *." By the insertion of the words we have italicized the legislature extended to conditional vendors the right to reclaim their goods in a manufacturing plant if the statutory requirements were observed by them. Without the statute and its observance they did not have it.

■ In the instant case it appears that the bottling machine was installed in, and was an essential part of, the brewery. So finding, and also finding that the vendor has not complied with the statutory requirements as to recording, the court is required to sustain the order of the Referee denying the reclamation petition.